MEMORANDUM **
General Crook appeals pro se from the district court’s judgment for defendant Universal Songs Polygram (“Universal Songs”) after a bench trial on Crook’s breach of contract claim. Crook also appeals from various orders of the district court, including denials of motions to recuse and for a jury trial. We have jurisdiction pursuant to 28 U.S.C. § 1291. Following a bench trial, we review findings of fact for clear error and conclusions of law de novo. Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1067 (9th Cir.2008) (en bane).
The district court’s factual findings undergirding its ruling that Universal Songs did not breach its contract with Crook are not clearly erroneous. There is evidence in the record that Crook signed a license agreement with Universal Song in 1977, and that Universal Songs sent royalty payments to Crook that complied with the terms of the 1977 agreement. See Husain v. Olympic Airways, 316 F.3d 829, 840 (9th Cir.2002) (“The district court, as the trier of fact in this matter, was in a superior position to appraise and weigh the *104 evidence, and its determination regarding the credibility of witnesses is entitled to special deference.”).
The district court did not abuse its discretion when it denied the untimely motion for a jury trial because Crook did not demonstrate that his failure to request a jury trial in a timely manner was anything more than inadvertence. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1086-87 (9th Cir.2002) (providing standard of review and stating: “Zivkovic argues that his untimely demand for a jury trial should be excused because he filed his complaint pro se and was unaware of the requirements of Rule 38(b). However, Zivkovic’s good faith mistake as to the deadline for demanding a jury trial establishes no more than inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand.”).
The district court did not abuse its discretion when it denied the motion to recuse because Crook’s motion failed to identify an extrajudicial source of bias. See United States v. Martin, 278 F.3d 988, 1005 (9th Cir.2002) (stating standard of review and affirming denial of motion to recuse where movant failed to show that there existed any extrajudicial source of bias).
Crook’s remaining contentions lack merit.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.